### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LEE ANN HELFRICH, ) ) Plaintiff, ) ) v. ) ) BLUE CROSS AND BLUE SHIELD ) ASSOCIATION ) ) and ) ) BLUE CROSS AND BLUE SHIELD ) OF KANSAS CITY ) ) Defendants. ) | Case No.: 2: 13-CV-2620 |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1442 and 1446, Defendants Blue Cross and Blue Shield Association ("BCBSA") and Blue Cross and Blue Shield of Kansas City ("BCBS-KC") respectfully remove this action to the United States District Court for the District of Kansas, and state as follows:

1.  On November 4, 2013, Plaintiff Lee Ann Helfrich ("Helfrich") filed a "Petition for Declaratory Judgment" against Defendants in the District Court of Johnson County, Kansas, Case No. 13CV07691 (the "Petition"). Defendants were each served with the Petition and a summons on November 7, 2013. Pursuant to 28 U.S.C. § 1446(a), Defendants have attached copies of all process, pleadings, or orders purportedly served on them at Exhibit A to this Notice of Removal.

2. Defendants file this removal notice within the 30-day period required in 28 U.S.C § 1446(b).

3. Defendants remove this case pursuant to 28 U.S.C. § 1442(a)(1), which permits removal where a person acting under the direction of a federal agency and its officers is sued for actions taken under color of federal office.

### NATURE OF THE CASE

4. At all times relevant to this case, Helfrich was enrolled in the Blue Cross and Blue Shield Service Benefit Plan (or "the Plan"), one of the federal government's health benefits plans for federal employees and their dependents. *See, e.g.*, Pet. ¶ 6 & Ex. A thereto. The Plan was created by a federal government contract between the United States Office of Personnel Management ("OPM") and BCBSA pursuant to the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. §§ 8901-14. Pet. ¶ 6 & Ex. A thereto; *see also* 2008 Service Benefit Plan Master Contract (Ex. B hereto) [hereinafter "2008 Master Contract"]; 2013 Service Benefit Plan Master Contract (Ex. C hereto) [hereinafter "2013 Master Contract"]; *see also* 2012 Statement of Benefits for the Service Benefit Plan at 3 (Ex. D hereto) [hereinafter "2012 Statement of Benefits"]; 2013 Statement of Benefits for the Service Benefit Plan at 4 (Ex. E hereto) [hereinafter "2013 Statement of Benefits"].[1]

---

[1] The 2008 Master Contract (along with annual amendments through 2012) and the 2013 Master Contract were the operative contracts governing the Service Benefit Plan in 2012 and 2013 – the time period during which Helfrich received the health benefits at issue and obtained a recovery from a third party for her injuries, and when a subrogation lien was asserted against that recovery on the Plan's behalf. The 2012 and 2013 Statements of Benefits, which are incorporated by reference in the relevant Master Contract, were the applicable plan brochures distributed to Plan enrollees (like Helfrich) in 2012 and 2013. Although attached hereto, the 2012 Statement of Benefits can also be found on OPM's official government website at:  http://www.opm.gov/insure/health/planinfo/2012/brochures/71-005.pdf, while the 2013 Statement of Benefits can be downloaded from OPM's website at: http://www.opm.gov/insure/health/planinfo/2013/brochures/71-005.pdf.

5. In contracting to establish the Plan, BCBSA acts on behalf of participating local Blue Cross and Blue Shield companies that administer the Plan in their respective localities; BCBS-KC is one such company and administers the Plan in the Kansas City area. *See* 2012 Statement of Benefits at 3 (Ex. D hereto); 2013 Statement of Benefits at 4 (Ex. E hereto); Pet. ¶¶ 1-4.

6. In 2012, Helfrich was injured in a motor vehicle accident and sustained injuries for which she received medical treatment. Pet. ¶ 11. The Plan paid benefits for the treatment Helfrich received in connection those injuries. *Id.* ¶ 15.

7. Helfrich claimed that her injuries were caused by the negligent acts of a third-party tortfeasor, against whom Helfrich "made a claim for damages." *Id*. ¶ 12. Helfrich settled that claim and, as a result, received $100,000 from the tortfeasor's automobile insurance company. *Id*.

8. The Plan's Statement of Benefits states expressly that the Plan shall have a right to reimbursement from an enrollee for benefits paid to that enrollee, in the event the enrollee recovers for a condition or injury from a third party and the Plan had paid benefits in association with that condition or injury. 2012 Statement of Benefits at 125-26 (Ex. D hereto); 2013 Statement of Benefits at 135-36 (Ex. E hereto); Pet. ¶ 14. Pursuant to this provision, the Plan, though a subrogation and reimbursement vendor Meridian Resource Company, LLC, asserted a lien on Helfrich's settlement funds in an amount equal to the benefits paid by the Plan to Helfrich for the injuries sustained in the automobile accident. *See* Pet. ¶¶ 15-18.

9. Helfrich filed this suit to avoid her reimbursement obligations to the Plan. Specifically, she seeks a declaration that Kansas state law (K.A.R. § 40-1-20) – which, according

to Helfrich, prohibits reimbursement by health insurance plans – renders the Plan's reimbursement provision unenforceable.  Pet. ¶ 13 & Prayer for Relief.

10. The Plan's express terms, however, require that Helfrich return to the Plan the benefits it paid on her behalf in connection with the injuries sustained in the accident.

11. A central issue in this case is whether FEHBA's express preemption provision (5 U.S.C. § 8902(m)(1)) preempts the Kansas state law prohibiting reimbursement.  *See* Pet. ¶¶ 19-20.

## CONTRACTUAL AND REGULATORY BACKGROUND

12. FEHBA and the regulations implementing it set forth a comprehensive framework for the supervision and administration of FEHBA plans, including the Service Benefit Plan.

   a. Under FEHBA, OPM is vested with sole authority to contract for the provision of health benefit plans, to determine the benefit structure of each plan, and to promulgate the official description of a plan's terms in a Statement of Benefits.  *See* 5 U.S.C. §§ 8902(a), 8902(d), 8907.  The Statement of Benefits is incorporated into the government contract between OPM and BCBSA.  *See* 2008 Master Contract § 2.2(a) (Ex. B hereto); 2013 Master Contract § 2.2(a) (Ex. C hereto).

   b. The Statement of Benefits for the Plan states expressly that the Plan shall have a right to reimbursement or subrogation from an enrollee for benefits paid to that enrollee, in the event the enrollee recovers for a condition or injury from a third party and the Plan had paid benefits in association with that condition or injury.  2012 Statement of Benefits at 125-26 (Ex. D hereto); 2013 Statement of Benefits at 135-36 (Ex. E hereto).

   c. In addition, the government contract between OPM and BCBSA provides:

   > The Carrier's subrogation rights, procedures and policies, including recovery rights, shall be in accordance with the provisions of the agreed upon brochure text

[*i.e.*, the Statement of Benefits], which is incorporated in this Contract in Appendix A.  As the member is obligated by Section 2.3(a) to comply with the terms of this Contract, the Carrier, in its discretion, shall have the right to file suit in federal court in order to enforce those rights.

2008 Master Contract § 2.5(a) (Ex. B hereto); *see also* 2013 Master Contract § 2.5(a) (Ex. C hereto).

    d. The OPM-BCBSA contract also requires the carrier to make "a reasonable effort to seek recovery of amounts to which it is entitled to recover in cases which are brought to its attention."  2008 Master Contract § 2.5(c) (as amended by § 4.1(j)) (Ex. B hereto); 2013 Master Contract § 2.5(c) (as amended by § 4.1(m)) (Ex. C hereto); *see also Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 685 (2006) (quoting contractual language).

    e. Congress intended federal employees in every state to be treated consistently under FEHBA plans.  For example, FEHBA includes a preemption provision.  5 U.S.C. § 8902(m)(1) (2000 Supp.) (as amended by the Federal Employees Health Care Protection Act of 1998, Pub. L. No. 105-266, § 3(c), 112 Stat. 2363, 2366).  With this preemption provision, Congress sought to "strengthen the ability of national plans to offer uniform benefits and rates to enrollees regardless of where they may live."  H.R. Rep. No. 105-374, at 9 (1997); *accord* S. Rep. No. 95-903, at 2 (1978) (legislative history of FEHBA's original preemption provision); *see also McVeigh*, 547 U.S. at 686.  This policy of nation-wide consistency also applies to subrogation and is embodied in the contract between OPM and BCBSA: "Effective January 1, 1997, all Participating [Blue Cross and Blue Shield] Plans shall subrogate under a single, nation-wide policy to ensure equitable and consistent treatment for all Members under the contract."  2008 Master Contract § 2.5(f) (as amended by § 4.1(j)) (Ex. B hereto); 2013 Master Contract § 2.5(f) (as amended by § 4.1(m)) (Ex. C hereto).

      f.      Congress delegated solely to OPM the authority to police the conduct and practices of FEHBA carriers, and the agency has promulgated extensive regulations on the topic. *See* 5 U.S.C. §§ 8902(e), 8910, 8913(a); 48 C.F.R. Ch. 16; *see also Bridges v. Blue Cross & Blue Shield Ass'n*, 935 F. Supp. 37, 42-43 (D.D.C. 1996); *Kight v. Kaiser Found. Health Plans of the Mid-Atl. States, Inc.*, 34 F. Supp. 2d 334, 342 (E.D. Va. 1999).

## GROUNDS FOR REMOVAL

13.    This case is removable under the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1), which authorizes removal of an action against "any officer (or person acting under that officer) of the United States or of any agency thereof, in an official . . . capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1).

14.    In another recent case involving the Plan, the Eighth Circuit confirmed that FEHBA reimbursement disputes just like the one in this case are removable under the Federal Officer Removal Statute. *See Jacks v. Meridian Res. Co.*, 701 F.3d 1224 (8th Cir. 2012).[2]

15.    As pertinent to 28 U.S.C. § 1442(a)(1), defendants are deemed to be sued for actions under the direction of a federal agency and federal officers where, as is the case with BCBSA's

---

[2] *See also Anesthesiology Assocs. of Tallahassee, P.A. v. Blue Cross Blue Shield of Fla., Inc.*, No. 03-15664, slip op. at 3-5 (11th Cir. Mar. 18, 2005) (holding that Blue Cross Blue Shield entity administering FEHBA plan properly invoked section 1442(a)(1) to remove claim) (Ex. F hereto); *Ala. Dental Ass'n, v. Blue Cross & Blue Shield of Ala., Inc.*, No. 2:05-cv-01230-MEF, 2007 U.S. Dist. LEXIS 685, at *21-25 (M.D. Ala. Jan. 3, 2007); *accord Peterson v. Blue Cross/Blue Shield of Tex.*, 508 F.2d 55, 56-57 (5th Cir. 1975) (holding that Blue Cross Blue Shield entities administering Medicare plan properly removed claim brought by provider, pursuant to section 1442(a)(1)); *Olmo v. TriWest Healthcare Alliance Corp.*, No. 1:12-cv-258, 2013 U.S. Dist. LEXIS 22367 (D. Utah Feb. 19, 2013) (holding that administrator of health care program covering retired military personnel properly removed claim under section 1442(a)(1)); *Group Health, Inc. v. Blue Cross Ass'n*, 587 F. Supp. 887, 891 (S.D.N.Y. 1984) (holding that Blue Cross Blue Shield entities administering Medicare plan properly removed claim brought by provider, pursuant to section 1442(a)(1)); *Thompson v. Cmty. Ins. Co.*, No. C-3-98-323, 1999 U.S. Dist. LEXIS 21725, at *6-28 (S.D. Ohio Mar. 3, 1999) (holding that HMO administering Medicare plan properly removed case pursuant to section 1442(a)(1)); *Holton v. Blue Cross & Blue Shield of S.C.*, 56 F. Supp. 2d 1347, 1351-52 (M.D. Ala. 1999) (holding that Blue Cross Blue Shield entity administering health benefits plan for dependents of military retirees properly removed case pursuant to section 1442(a)(1)).

and BCBS-KS's administration of the Plan here, they are administering the terms of a federal government contract or federal program under the direct and detailed supervision of a federal agency. Government contractors may remove a case pursuant to the Federal Officer Removal Statute where "the acts for which they are being sued . . . occurred because of what they were asked to do by the Government," even if the acts were not "specifically contemplated by the government contract." *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 137, 138 (2d Cir. 2008). Here, BCBSA and BCBS-KS (and other local Blue Cross and Blue Shield companies) "help the government fulfill the basic task of establishing a health benefits program for federal employees. OPM has direct and extensive control over these benefit contracts under the FEHBA." *Jacks*, 701 F.3d at 1233. "[B]roadly speaking, the subrogation provision [in the OPM-BCBSA contract] is necessarily a product of the benefit payment process, a process over which OPM exerts regulatory control." *Id.* For these reasons, among others, Blue Cross and Blue Shield entities are "acting under" an agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1) when they make efforts to obtain reimbursement. *Jacks*, 701 F.3d at 1230-35.

16. In addition, Helfrich sues BCBSA and BCBS-KS expressly because of actions taken in the course of administering the Plan – specifically, in paying benefits and seeking reimbursement following Helfrich's recovery from a third party. As noted above, BCBSA's and BCBS-KS's actions in seeking reimbursement are mandated by OPM in the Service Benefit Plan's Statement of Benefits and the other terms of the pertinent government contract. On this basis, Helfrich's Petition is causally connected to BCBSA's and BCBS-KS's actions under the direction of a federal agency and its officers. *See id.* at 1230 n.3 (finding the requisite causal connection).

17.  Also consistent with the requirements of 28 U.S.C. § 1442(a)(1), there are colorable federal defenses to Helfrich's assertion that Kansas state law bars the Plan's reimbursement efforts.  First, there is a colorable defense that Helfrich's claims are preempted by FEHBA's express preemption provision, 5 U.S.C. § 8902(m)(1), which provides that the terms of FEHBA contracts concerning benefits and benefits payments shall supersede state law.  *See Weight Loss Healthcare Ctrs. of Am., Inc. v. OPM*, 655 F.3d 1202, 1206 (10th Cir. 2011) (citing *Nesseim v. Mail Handlers Benefit Plan*, 995 F.2d 804, 806 (8th Cir. 1993) for the proposition that "section 8902(m)(1) mandates that once the OPM enters into a benefits contract, that contract has the preemptive force of federal law."); *see also Calingo v. Meridian Res. Co.*, No. 11-cv-628, 2013 U.S. Dist. LEXIS 42759 (S.D.N.Y. Feb. 20, 2013) (holding that FEHBA preempts state law prohibiting reimbursement).  Second, there is a colorable claim that Helfrich's state-law claims are displaced by federal common law, which governs the federal contract at the heart of this case.  Third, there is a colorable defense of sovereign immunity.  In this regard, Helfrich seeks to override the Plan's terms with Kansas state law, thereby interfering with the federal government's administration of FEHBA benefits; and Helfrich pursues a remedy under state law to thwart reimbursement that is not permitted against the United States, to whose benefit any reimbursement recovery in this case will inure.  *See Anderson v. Occidental Life Ins. Co.*, 727 F.2d 855, 856-57 (9th Cir. 1984); *Shands Teaching Hosp. & Clinics, Inc. v. Beech St. Corp.*, 208 F.3d 1308, 1311-13 (11th Cir. 2000); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998).  In *Jacks*, the court found each of these three defenses to be colorable for purposes of the Federal Officer Removal Statute.  *Jacks*, 701 F.3d at 1235.

18. The United States District Court for the District of Kansas is the appropriate court for filing this Notice of Removal because it is the United States district embracing the place where the Action is pending, the District Court of Johnson County, Kansas.

19. Additionally, pursuant to Local Rule 81.1(b), this case will be filed in the record office of the clerk in Kansas City.

20. The procedural requirements of 28 U.S.C. § 1446 have been met.

21. Thirty days have not yet elapsed since Defendants received the Summons and Petition in this Action.

22. Immediately upon filing this Notice of Removal, Defendants will file a copy of this Notice with the Clerk of the District Court of Johnson County, Kansas and will provide written notice to Helfrich, all in accordance with 28 U.S.C. § 1446(d). Thereafter, Defendants will file a certificate of service of the Notice to the State Court, as required by Local Rule 81.1(c).

23. Within 20 days of filing this Notice of Removal, Defendants will cause all necessary documents (if any) to be filed with the clerk of the court, as required by Local Rule 81.2.

24. This Action is not an action described in 28 U.S.C. § 1445.

25. Under the provisions of 28 U.S.C. § 1442(a)(1) and other applicable statutes with which Defendants are in compliance, this Action is removable to the United States District Court for the District of Kansas.

Consequently, Defendants give notice of the removal of this Action to the United States District Court for the District of Kansas.

## DESIGNATION OF PLACE OF TRIAL

Defendants designate Kansas City, Kansas as the place of trial (if any).

1360248.1

Date:  December 4, 2013	Respectfully submitted,

 s/Christopher J. Leopold
William E. Hanna, KS #14480
Christopher J. Leopold, KS #19638
Stinson Morrison Hecker LLP
1201 Walnut Street
Suite 2900
Kansas City, Missouri  64106-2150
Telephone:  (816) 691-2412
Fax:  (816) 412-1173
E-mail:  whanna@stinson.com
         cleopold@stinson.com

Anthony F. Shelley (*pro hac vice* application forthcoming)
Adam P. Feinberg (*pro hac vice* application forthcoming)
Miller & Chevalier Chartered
655 15th Street, NW
Suite 900
Washington, DC  20005
Telephone:  (202) 626-5800
Fax:  (202) 626-5801
E-mail:  ashelley@milchev.com
         afeinberg@milchev.com

ATTORNEYS FOR DEFENDANTS

**Certificate of Service**

On December 4, 2013, I filed a copy of the foregoing on the Court's ECF system and copies of the filing will be sent via U.S. Mail to the following counsel of record for plaintiff:

Donald W. Vasos
David A. Hoffman
Vasos Law Offices
4400 Shawnee Mission Parkway, Suite 100
Fairway, KS  66205
E-mail:  dwv@vasoslaw.com

	 s/Christopher J. Leopold
	Attorney for Defendants

1360248.1