UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEE ANN HELFRICH,

          Plaintiff,

v.                                                  Case No. 13-2620-EFM

BLUE CROSS AND BLUE SHIELD
ASSOCIATION et al.,

          Defendants.

## **ORDER**

Plaintiff Lee Ann Helfrich brings this declaratory judgment action against the carrier and administrator of her health benefits plan (the "Plan"), alleging the Plan's reimbursement provision is unenforceable under Kansas's anti-subrogation law—K.A.R. § 40-1-20. Defendants Blue Cross and Blue Shield Association and Blue Cross and Blue Shield of Kansas City have moved to stay all discovery **(ECF doc. 26)** until the presiding U.S. District Judge, Eric F. Melgren, enters a ruling on their pending motion for judgment on the pleadings (ECF doc. 21). Plaintiff consents to a stay of discovery pending a ruling on the motion for judgment on the pleadings. However, plaintiff does not concede that discovery will never be necessary. Although the court could grant this motion on the ground that it is unopposed, the court will briefly address the merits of the motion.

Defendants have filed a motion for judgment on the pleadings (ECF doc. 21). Although it has long been the general policy in the District of Kansas not to stay discovery even if a dispositive motion is pending, four exceptions to this policy are recognized. A discovery stay may be appropriate if: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to the defendant's immunity from suit.[1] The decision whether to stay discovery rests in the sound discretion of the district court.[2] As a practical matter, this calls for a case-by-case determination.

The court has reviewed the record, the instant motion, and defendants' motion for judgment on the pleadings. The court concludes that a brief stay of all pretrial proceedings—including discovery and the scheduling of deadlines—is warranted until Judge Melgren resolves the pending dispositive motion. The motion for judgment on the pleadings seeks dismissal on the ground that plaintiff's claim is preempted or displaced by federal law. Defendants' motion appears to present a legal question only, making it unlikely that factual discovery would affect the resolution of the dispositive motion. In

---

[1] *Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)).

[2] *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

addition, the ruling on the dispositive motion could conclude the case, making discovery at this point wasteful and burdensome.

In consideration of the foregoing and upon good cause shown,

IT IS HEREBY ORDERED:

1.　　Defendants' motion to stay discovery (ECF doc. 26) is granted.

2.　　All pretrial proceedings in this case are stayed until a ruling on defendants' motion for judgment on the pleadings.

3.　　If any claims survive Judge Melgren's ruling on the motion for judgment on the pleadings, counsel must confer within 14 days of that ruling as contemplated by Fed. R. Civ. P. 26(f) and then e-mail to the undersigned magistrate judge's chambers a discovery planning report (using the form available on the court's website).

IT IS SO ORDERED.

Dated February 26, 2014, at Kansas City, Kansas.

                                                 s/ James P. O'Hara
                                                 James P. O'Hara
                                                 U. S. Magistrate Judge